UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEPHEN MCQUILLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIM-BAR CORPORATION, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. |

# **COMPLAINT**

COMES NOW the Plaintiff Stephen McQuillen ("McQuillen" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against Defendant, Tim-Bar Corporation ("Tim-Bar" or "Defendant"), to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

1

2.

Tim-Bar willfully violated the FLSA by failing to pay Plaintiff for all overtime hours worked at a rate of time and one-half his required regular rate -- inclusive of all compensation not excludable from the regular rate calculation under applicable law -- for all hours worked above 40 in a workweek, and failing to pay Plaintiff all overtime compensation owed on a timely basis. Plaintiff is entitled to unpaid wages from Tim-Bar for all hours worked above 40 in a workweek, and is also entitled to liquidated damages, pursuant to the FLSA.

**Parties**

3.

Plaintiff worked as an employee for Tim-Bar as a "Quality Supervisor" from approximately July, 2013 and continuing until his employment ended in or about November, 2014 (the "relevant period") at Tim-Bar's fulfillment center in Atlanta, GA.

4.

According to its website, http://www.timbar.com/, Tim-Bar is a "manufacturer of corrugated packaging."

5.

According to its website, http://www.timbar.com/, Tim-Bar's corporate headquarters is located at 148 Penn Street, Hanover, PA 17331, with additional locations outside of Pennsylvania, including a fulfillment center in Atlanta, GA, where Plaintiff was employed during the relevant period.

6.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, Tim-Bar is a foreign for-profit corporation incorporated in Pennsylvania registered to transact business in Georgia, and may be served with process through its registered agent CT Corporation System at 1201 Peachtree St. NE, Atlanta, GA 30361, located within this judicial district.

**Jurisdiction and Venue**

7.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

8.

Plaintiff was employed by Tim-Bar in this judicial district, Defendant does business in this judicial district, and venue is therefore proper in this Court.

9.

Plaintiff was an "employee" during his employment with Tim-Bar as defined by the FLSA and was entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

10.

Tim-Bar was at all times during the relevant period and thereafter an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b)&(d).

11.

Tim-Bar was, at all times during the relevant period in this Complaint and thereafter, an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA, having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or

produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

12.

Plaintiff was individually engaged in commerce and/or engaged in the production of goods for commerce on a regular and recurring basis during his employment with Tim-Bar.

13.

Plaintiff was covered by the maximum hours provisions of the FLSA throughout his employment with Tim-Bar as an employee "engaged in commerce or in the production of goods for commerce" as defined by Section 7 of the FLSA.

14.

Jurisdiction and venue are proper in this Court as to all claims alleged in this Complaint.

**Facts Related To All Counts**

15.

Beginning in or around January, 2013 and continuing through in or around the end of June, 2013, Plaintiff worked at Tim-Bar as a contractor for a staffing agency under the title of "Quality Lead."

16.

As a "Quality Lead," Plaintiff was paid by the staffing agency as an hourly employee, making $16/hour.

17.

As a "Quality Lead," Plaintiff was paid overtime at time and one-half at his hourly rate of $16/hour for all hours worked over 40 in a work week.

18.

In or about July, 2013, Tim-Bar hired Plaintiff directly as an employee and changed his title to "Quality Supervisor."

19.

Upon information and belief, Tim-Bar has a policy that contractors working for a staffing agency are not permitted to have the term "supervisor" in their title.

20.

Plaintiff performed the same job functions for Tim-Bar as a contractor under the title of "Quality Lead" as he did as an employee for Tim-Bar under the title of "Quality Supervisor."

21.

Plaintiff's primary duty as a "Quality Supervisor" was building "First Article Sample" center aisle displays by manual labor using predetermined specifications.

22.

During the relevant period, Tim-Bar paid Plaintiff what it referred to as a salary.

23.

In approximately March, 2014, Tim-Bar changed Plaintiff's title to "Quality /IT Supervisor." Under this title Plaintiff's additional duties involved ordering ink for and replacing ink in the facility's printer.

24.

Plaintiff was classified by Tim-Bar internally as exempt from the maximum hours provisions of the FLSA.

25.

Tim-Bar was aware prior to and during the relevant period that the FLSA applied to Plaintiff during his work for Tim-Bar.

26.

Tim-Bar suffered or permitted Plaintiff to work over 40 hours in a work week on one or more occasions during the relevant period, but did not pay Plaintiff at time and a half his applicable regular rate inclusive of all bonuses and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate"), as defined by the FLSA for all hours worked over forty in a work week as required by the FLSA.

27.

By way of non-exhaustive example, during Tim-Bar's "peak season," which lasted from approximately September through November, Plaintiff regularly worked in excess of 40 hours in a work week.

28.

By way of non-exhaustive example, during the work week ending October 20, 2013, Plaintiff worked approximately 63 hours and did not receive overtime wages for the approximately 23 hours worked in excess of a 40 hour work week.

29.

Plaintiff also regularly worked over 40 hours in one or more work weeks outside of Tim-Bar's peak season.

30.

By way of non-exhaustive example, during the work week ending May 25, 2014, Plaintiff worked approximately 62 hours and did not receive overtime wages for the approximately 22 hours worked in excess of a 40 hour work week.

31.

Tim-Bar knew and should have known that Plaintiff was covered by the maximum hour and overtime payment requirements of the FLSA.

32.

Tim-Bar's failure to pay Plaintiff the overtime compensation required by the FLSA was willful.

33.

Upon information and belief, Tim-Bar has failed to keep records of Plaintiff's hours worked during the relevant period and other records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

## Count 1: FLSA

34.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

35.

Plaintiff was a non-exempt employee under the FLSA throughout his work for Tim-Bar during the relevant period and entitled to overtime compensation required by the FLSA.

36.

Tim-Bar misclassified Plaintiff as an exempt employee under the FLSA throughout his work for Tim-Bar during the relevant period.

37.

Despite being aware that the FLSA applied to Plaintiff, Tim-Bar violated the FLSA by not paying Plaintiff overtime compensation at the rate of one and a half times his regular rate for all hours worked over 40 during the relevant period, in addition to liquidated damages and interest for overtime not paid in each paycheck for the applicable pay period.

38.

As a result of Tim-Bar's failure to compensate Plaintiff at a rate not less than one and one-half times the required regular rate of pay for work performed in excess of forty hours in a workweek, Tim-Bar violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

39.

Tim-Bar's conduct as alleged herein was willful, within the meaning of 29 U.S.C. § 255(a).

40.

Plaintiff is entitled to a judgment awarding recovery of his back overtime pay at the rate of one and a half times his applicable regular rate, in addition to an equivalent amount as liquidated damages, or prejudgment interest if liquidated damages are not awarded in full, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant finding a violation of the FLSA and awarding the following relief:

1. Order Defendant to pay Plaintiff his unpaid back overtime pay at time-and-a-half his applicable regular rate for all hours worked over 40 in a workweek during the relevant period, and an equivalent amount as liquidated damages (or prejudgment interest if liquidated damages are not awarded in full);

2. Order Tim-Bar to pay Plaintiff his costs and attorney's fees; and

3. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY A JURY OF TWELVE PERSONS.

Respectfully submitted this 9th day of July, 2015.

*s/ Jerilyn E. Gardner*
C. Andrew Head
Georgia Bar No. 341472
Jerilyn E. Gardner
Georgia Bar No. 139779
Attorneys for Plaintiff
Head Law Firm, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: jgardner@headlawfirm.com
ahead@headlawfirm.com
